**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

FIDELITY NATIONAL TITLE
INSURANCE COMPANY, INC.,                    *

     **Plaintiff,**                                        *

**v.**                                                               *        **Civil Case No. PWG-12-148**

M & R TITLE, INC., et al.,                           *

     **Defendant.**                                      *

*   *   *   *   *   *   *  *   *   *   *   *   *   *

**MEMORANDUM OPINION AND ORDER**

Plaintiff Fidelity National Title Insurance Company, Inc. ("Fidelity") filed thirteen motions for default judgment against sixteen defendants.[1] Each motion is addressed below.

Plaintiff filed a motion for default judgment against Rhonda Scott and AJ&A Investment Group Nevada, LLC. ECF No. 199. Having reviewed Plaintiff's memorandum and the affidavits and exhibits attached thereto, and pursuant to Fed. R. Civ. P. 55(b), I find that (1) this action is brought against Rhonda Scott for intentional misrepresentation/fraud, negligent misrepresentation, aiding and abetting the tortious conduct of other defendants, and participating in the conspiracy to engage in such conduct and commit fraudulent acts, to recover attorneys' fees and costs; (2) this action is also brought against AJ&A Investment Group Nevada, LLC for aiding and abetting the tortious conduct of other defendants, and participating in the conspiracy to engage in such conduct and commit fraudulent acts, to recover attorneys' fees and costs; (3) Defendants were properly served with the Complaint on August 21, 2012, ECF Nos. 33 & 34; (4) Defendants' responses to the Complaint were due to be filed on or before September 11,

---

[1]     Fidelity brought three of its motions for default judgment against two defendants each.

2012, and the time within which Defendants could answer or otherwise defend has expired; (5) Defendants did not answer or otherwise defend; (6) Defendants' default was entered by the Clerk of the Court on August 26, 2013, ECF No. 143; (7) Plaintiff established Defendants' liability; and (8) the amount of attorneys' fees and costs that Plaintiff incurred, $22,520.95, is reasonable.

Plaintiff filed a motion for default judgment against Ceolus Raines.  ECF No. 190. Having reviewed Plaintiff's memorandum and the affidavits and exhibits attached thereto, and pursuant to Fed. R. Civ. P. 55(b), I find that (1) this action is brought for intentional misrepresentation/fraud, negligent misrepresentation, aiding and abetting the tortious conduct of other defendants, and participating in the conspiracy to engage in such conduct and commit fraudulent acts, to recover attorneys' fees and costs; (2) Defendant was properly served with the Complaint on April 28, 2012, ECF No. 7; (3) Defendant's responses to the Complaint were due to be filed on or before May 21, 2012, and the time within which Defendant could answer or otherwise defend has expired; (4) Defendant did not answer or otherwise defend; (5) Defendant's default was entered by the Clerk of the Court on May 19, 2015, ECF No. 188; (6) Plaintiff established Defendant's liability; and (7) the amount of attorneys' fees and costs that Plaintiff incurred, $14,000.93, is reasonable.

Plaintiff filed a motion for default judgment against Donahue Mack and D&A General Services, LLC.  ECF No. 193.  Having reviewed Plaintiff's memorandum and the affidavits and exhibits attached thereto, and pursuant to Fed. R. Civ. P. 55(b), I find that (1) this action is brought against Donahue Mack for intentional misrepresentation/fraud, negligent misrepresentation, aiding and abetting the tortious conduct of other defendants, and participating in the conspiracy to engage in such conduct and commit fraudulent acts, to recover attorneys' fees and costs; (2) this action is also brought against D&A General Services, LLC for intentional

misrepresentation/fraud, negligent misrepresentation, aiding and abetting the tortious conduct of other defendants, and participating in the conspiracy to engage in such conduct and commit fraudulent acts, to recover attorneys' fees and costs; (3) Defendants were properly served with the Complaint on September 4, 2012.  ECF Nos. 37 & 38; (4) Defendants' responses to the Complaint were due to be filed on or before September 25, 2012, and the time within which Defendants could answer or otherwise defend has expired; (5) Defendants did not answer or otherwise defend; (6) Defendants' default was entered by the Clerk of the Court on August 21, 2013, ECF No. 140; (7) Plaintiff established Defendants' liability; and (8) the amount of attorneys' fees and costs that Plaintiff incurred, $14,289.87, is reasonable.

Plaintiff filed a motion for default judgment against Ernest Acquah.[2]  ECF No. 189.  Having reviewed Plaintiff's memorandum and the affidavits and exhibits attached thereto, and pursuant to Fed. R. Civ. P. 55(b), I find that (1) this action is brought for intentional misrepresentation/fraud, negligent misrepresentation, aiding and abetting the tortious conduct of other defendants, and participating in the conspiracy to engage in such conduct and commit fraudulent acts, to recover attorneys' fees and costs; (2) Defendant was properly served with the Complaint on May 14, 2013, ECF No. 112; (3) Defendant's responses to the Complaint were due to be filed on or before June 5, 2013, and the time within which Defendant could answer or otherwise defend has expired; (4) Defendant did not answer or otherwise defend; (5) Defendant's default was entered by the Clerk of the Court on January 21, 2015, ECF No. 183; (6) Plaintiff established Defendant's liability; and (7) the amount of attorneys' fees and costs that Plaintiff incurred, $50,757.96, is reasonable.

---

[2]     In Plaintiff's complaint, Mr. Acquah is identified as both Ernest Acquah and Colin Acquah.  *See, e.g.*, Compl. ¶ 35 & 562, ECF No. 1.  I will treat these individuals as the same.

Plaintiff filed a motion for default judgment against Jeffrey King.  ECF No. 196.  Having reviewed Plaintiff's memorandum and the affidavits and exhibits attached thereto, and pursuant to Fed. R. Civ. P. 55(b), I find that (1) this action is brought for intentional misrepresentation/fraud, negligent misrepresentation, aiding and abetting the tortious conduct of other defendants, and participating in the conspiracy to engage in such conduct and commit fraudulent acts, to recover attorneys' fees and costs; (2) Defendant was properly served with the Complaint on April 28, 2012,  ECF No. 6; (3) Defendant's responses to the Complaint were due to be filed on or before May 21, 2012, and the time within which Defendant could answer or otherwise defend has expired; (4) Defendant did not answer or otherwise defend; (5) Defendant's default was entered by the Clerk of the Court on August 23, 2013,  ECF No. 142; (6) Plaintiff established Defendant's liability; and (7) the amount of attorneys' fees and costs that Plaintiff incurred, $40,717.73, is reasonable.

Plaintiff filed a motion for default judgment against John Messenger.  ECF No. 200.  Having reviewed Plaintiff's memorandum and the affidavits and exhibits attached thereto, and pursuant to Fed. R. Civ. P. 55(b), I find that (1) this action is brought for aiding and abetting the tortious conduct of other defendants and participating in the conspiracy to engage in such conduct and commit fraudulent acts, to recover attorneys' fees and costs; (2) Defendant was properly served with the Complaint on February 23, 2013, ECF No. 74; (3) Defendant's responses to the Complaint were due to be filed on or before March 16, 2013, and the time within which Defendant could answer or otherwise defend has expired; (4) Defendant did not answer or otherwise defend; (5) Defendant's default was entered by the Clerk of the Court on January 29, 2014, ECF No. 157; (6) Plaintiff established Defendant's liability; and (7) the amount of attorneys' fees and costs that Plaintiff incurred, $297,092.50, is reasonable.

Plaintiff filed a motion for default judgment against King Group LLC.  ECF No. 195. Having reviewed Plaintiff's memorandum and the affidavits and exhibits attached thereto, and pursuant to Fed. R. Civ. P. 55(b), I find that (1) this action is brought for intentional misrepresentation/fraud, negligent misrepresentation, aiding and abetting the tortious conduct of other defendants, and participating in the conspiracy to engage in such conduct and commit fraudulent acts, to recover attorneys' fees and costs; (2) Defendant was properly served with the Complaint on April 28, 2012, ECF No. 9; (3) Defendant's responses to the Complaint were due to be filed on or before May 21, 2012, and the time within which Defendant could answer or otherwise defend has expired; (4) Defendant did not answer or otherwise defend; (5) Defendant's default was entered by the Clerk of the Court on August 23, 2013, ECF No. 142; (6) Plaintiff established Defendant's liability; and (7) the amount of attorneys' fees and costs that Plaintiff incurred, $28,900.41, is reasonable.

Plaintiff filed a motion for default judgment against M & R Title, Inc.  ECF No. 197. Having reviewed Plaintiff's memorandum and the affidavits and exhibits attached thereto, and pursuant to Fed. R. Civ. P. 55(b), I find that (1) this action is brought for intentional misrepresentation/fraud, negligent misrepresentation, negligence, breach of contract/indemnification, aiding and abetting the tortious conduct of other defendants, and participating in the conspiracy to engage in such conduct and commit fraudulent acts, to recover attorneys' fees and costs; (2) Defendant was properly served with the Complaint on July 23, 2012, ECF No. 30; (3) Defendant's responses to the Complaint were due to be filed on or before August 13, 2012, and the time within which Defendant could answer or otherwise defend has expired; (4) Defendant did not answer or otherwise defend; (5) Defendant's default was entered by the Clerk of the Court on August 23, 2013, ECF No. 142; (6) Plaintiff established

Defendant's liability; and (7) the amount of attorneys' fees and costs that Plaintiff incurred, $579,478.33, is reasonable.

Plaintiff filed a motion for default judgment against Marla Messenger.  ECF No. 198. Having reviewed Plaintiff's memorandum and the affidavits and exhibits attached thereto, and pursuant to Fed. R. Civ. P. 55(b), I find that (1) this action is brought for intentional misrepresentation/fraud, negligent misrepresentation, negligence, breach of contract/indemnification, aiding and abetting the tortious conduct of other defendants, and participating in the conspiracy to engage in such conduct and commit fraudulent acts, to recover attorneys' fees and costs; (2) Defendant was properly served with the Complaint on February 23, 2013, ECF No. 73; (3) Defendant's responses to the Complaint were due to be filed on or before March 16, 2013, and the time within which Defendant could answer or otherwise defend has expired; (4) Defendant did not answer or otherwise defend; (5) Defendant's default was entered by the Clerk of the Court on August 26, 2013, ECF No. 143; (6) Plaintiff established Defendant's liability; and (7) the amount of attorneys' fees and costs that Plaintiff incurred, $279,092.50, is reasonable.

Plaintiff filed a motion for default judgment against Morris Green.  ECF No. 191. Having reviewed Plaintiff's memorandum and the affidavits and exhibits attached thereto, and pursuant to Fed. R. Civ. P. 55(b), I find that (1) this action is brought for intentional misrepresentation/fraud, negligent misrepresentation, aiding and abetting the tortious conduct of other defendants, and participating in the conspiracy to engage in such conduct and commit fraudulent acts, to recover attorneys' fees and costs; (2) Defendant was properly served with the Complaint on February 14, 2013, ECF No. 68; (3) Defendant's responses to the Complaint were due to be filed on or before March 7, 2013, and the time within which Defendant could answer or

otherwise defend has expired; (4) Defendant did not answer or otherwise defend; (5) Defendant's default was entered by the Clerk of the Court on August 26, 2013, ECF No. 143; (6) Plaintiff established Defendant's liability; and (7) the amount of attorneys' fees and costs that Plaintiff incurred, $4,305.00, is reasonable.

Plaintiff filed a motion for default judgment against Shuna Boodram II.  ECF No. 201. Having reviewed Plaintiff's memorandum and the affidavits and exhibits attached thereto, and pursuant to Fed. R. Civ. P. 55(b), I find that (1) this action is brought for intentional misrepresentation/fraud, negligent misrepresentation, aiding and abetting the tortious conduct of other defendants, and participating in the conspiracy to engage in such conduct and commit fraudulent acts, to recover attorneys' fees and costs; (2) Defendant was properly served with the Complaint on February 22, 2013, ECF No. 71; (3) Defendant's responses to the Complaint were due to be filed on or before March 15, 2013, and the time within which Defendant could answer or otherwise defend has expired; (4) Defendant did not answer or otherwise defend; (5) Defendant's default was entered by the Clerk of the Court on August 26, 2013, ECF No. 144; (6) Plaintiff established Defendant's liability; and (7) the amount of attorneys' fees and costs that Plaintiff incurred, $3,511.86, is reasonable.

Plaintiff filed a motion for default judgment against Trademark Group, LLC and William Levi Jones II.[3]  ECF No. 192.  Having reviewed Plaintiff's memorandum and the affidavits and exhibits attached thereto, and pursuant to Fed. R. Civ. P. 55(b), I find that (1) this action is brought for intentional misrepresentation/fraud, negligent misrepresentation, aiding and abetting the tortious conduct of other defendants, and participating in the conspiracy to engage in such

---

[3]      Subsequent to the filing of this motion, the claims against Defendant William Levi Jones II were voluntarily dismissed.  *See* ECF No. 209.  As a result, I will only address the claims against Trademark Group, LLC.

conduct and commit fraudulent acts, to recover attorneys' fees and costs; (2) Defendant was properly served with the Complaint on January 4, 2013, ECF No. 61; (3) Defendant's responses to the Complaint were due to be filed on or before January 25, 2013, and the time within which Defendant could answer or otherwise defend has expired; (4) Defendant did not answer or otherwise defend; (5) Defendant's default was entered by the Clerk of the Court on August 26, 2013, ECF No. 144; (6) Plaintiff established Defendant's liability; and (7) the amount of attorneys' fees and costs that Plaintiff incurred, $5,789.39, is reasonable.

Plaintiff filed a motion for default judgment against Willie E. Chase.  ECF No. 194. Having reviewed Plaintiff's memorandum and the affidavits and exhibits attached thereto, and pursuant to Fed. R. Civ. P. 55(b), I find that (1) this action is brought for aiding and abetting the tortious conduct of other defendants, and participating in the conspiracy to engage in such conduct and commit fraudulent acts, to recover attorneys' fees and costs; (2) Defendant was properly served with the Complaint on May 22, 2013, ECF No. 115; (3) Defendant's responses to the Complaint were due to be filed on or before June 12, 2013, and the time within which Defendant could answer or otherwise defend has expired; (4) Defendant did not answer or otherwise defend; (5) Defendant's default was entered by the Clerk of the Court on August 26, 2013, ECF No. 145; (6) Plaintiff established Defendant's liability; and (7) the amount of attorneys' fees and costs that Plaintiff incurred, $15,984.11, is reasonable.

## ORDER

Accordingly, it is this 11th day of February, 2016, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's motion for default judgment, ECF No. 199, IS GRANTED in favor of Plaintiff as follows:

    a.  Judgment shall be entered in favor of Fidelity National Title Insurance Company, Inc., and against Defendants Rhonda Scott and AJ&A Investment Group Nevada, LLC, both jointly and severally, in the total amount of **$22,520.95**, which amount consists of attorneys' fees and costs;

    b.  The Clerk IS DIRECTED to CLOSE THIS CASE with respect to Defendants Rhonda Scott and AJ&A Investment Group Nevada, LLC.

2. Plaintiff's motion for default judgment, ECF No. 190, IS GRANTED in favor of Plaintiff as follows:

    a.  Judgment shall be entered in favor of Fidelity National Title Insurance Company, Inc., and against Defendant Celous Raines in the total amount of **$14,000.93**, which amount consists of attorneys' fees and costs;

    b.  The Clerk IS DIRECTED to CLOSE THIS CASE with respect to Defendant Celous Raines.

3. Plaintiff's motion for default judgment, ECF No. 193, IS GRANTED in favor of Plaintiff as follows:

    a.  Judgment shall be entered in favor of Fidelity National Title Insurance Company, Inc., and against Defendants Donahue Mack and D&A General Services, LLC, both jointly and severally, in the total amount of **$14,289.87**, which amount consists of attorneys' fees and costs;

    b.  The Clerk IS DIRECTED to CLOSE THIS CASE with respect to Defendants Donahue Mack and D&A General Services, LLC.

4. Plaintiff's motion for default judgment, ECF No. 189, IS GRANTED in favor of Plaintiff as follows:

a. Judgment shall be entered in favor of Fidelity National Title Insurance Company, Inc., and against Defendant Ernest Acquah in the total amount of **$50,757.96**, which amount consists of attorneys' fees and costs;

b. The Clerk IS DIRECTED to CLOSE THIS CASE with respect to Defendant Ernest Acquah.

5. Plaintiff's motion for default judgment, ECF No. 196, IS GRANTED in favor of Plaintiff as follows:

a. Judgment shall be entered in favor of Fidelity National Title Insurance Company, Inc., and against Defendant Jeffrey King in the total amount of **$40,717.73**, which amount consists of attorneys' fees and costs;

b. The Clerk IS DIRECTED to CLOSE THIS CASE with respect to Defendant Jeffrey King.

6. Plaintiff's motion for default judgment, ECF No. 200, IS GRANTED in favor of Plaintiff as follows:

a. Judgment shall be entered in favor of Fidelity National Title Insurance Company, Inc., and against Defendant John Messenger in the total amount of **$297,092.50**, which amount consists of attorneys' fees and costs;

b. The Clerk IS DIRECTED to CLOSE THIS CASE with respect to Defendant John Messenger.

7. Plaintiff's motion for default judgment, ECF No. 195, IS GRANTED in favor of Plaintiff as follows:

    a.   Judgment shall be entered in favor of Fidelity National Title Insurance Company, Inc., and against Defendant King Group LLC in the total amount of **$28,900.41**, which amount consists of attorneys' fees and costs;

    b.   The Clerk IS DIRECTED to CLOSE THIS CASE with respect to Defendant King Group LLC.

8.   Plaintiff's motion for default judgment, ECF No. 197, IS GRANTED in favor of Plaintiff as follows:

    a.   Judgment shall be entered in favor of Fidelity National Title Insurance Company, Inc., and against Defendant M & R Title, Inc., in the total amount of **$579,478.33**, which amount consists of attorneys' fees and costs;

    b.   The Clerk IS DIRECTED to CLOSE THIS CASE with respect to Defendant M & R Title, Inc.

9.   Plaintiff's motion for default judgment, ECF No. 198, IS GRANTED in favor of Plaintiff as follows:

    a.   Judgment shall be entered in favor of Fidelity National Title Insurance Company, Inc., and against Defendant Marla Messenger in the total amount of **$279,092.50**, which amount consists of attorneys' fees and costs;

    b.   The Clerk IS DIRECTED to CLOSE THIS CASE with respect to Defendant Marla Messenger.

10. Plaintiff's motion for default judgment, ECF No. 191, IS GRANTED in favor of Plaintiff as follows:

a.  Judgment shall be entered in favor of Fidelity National Title Insurance Company, Inc. and against Defendant Morris Green in the total amount of **$4,305.00**, which amount consists of attorneys' fees and costs;

b.  The Clerk IS DIRECTED to CLOSE THIS CASE with respect to Defendant Morris Green.

11. Plaintiff's motion for default judgment, ECF No. 201, IS GRANTED in favor of Plaintiff as follows:

a.  Judgment shall be entered in favor of Fidelity National Title Insurance Company, Inc., and against Defendant Shuna Boodram II, in the total amount of **$3,511.86**, which amount consists of attorneys' fees and costs;

b.  The Clerk IS DIRECTED to CLOSE THIS CASE with respect to Defendant Shuna Boodram II.

12. Plaintiff's motion for default judgment, ECF No. 192, IS GRANTED IN PART and DENIED IN PART as follows:

a.  Judgment shall be entered in favor of Fidelity National Title Insurance Company, Inc., and against Defendant Trademark Group, LLC, in the total amount of **$5,789.39**, which amount consists of attorneys' fees and costs;

b.  Plaintiff's motion is denied as moot with regard to Defendant William Levi Jones II;

c.  The Clerk IS DIRECTED to CLOSE THIS CASE with respect to Defendant Trademark Group, LLC.

13. Plaintiff's motion for default judgment, ECF No. 194, IS GRANTED in favor of Plaintiff as follows:

a. Judgment shall be entered in favor of Fidelity National Title Insurance Company, Inc., and against Defendant Willie E. Chase in the total amount of **$15,984.11**, which amount consists of attorneys' fees and costs;

b. The Clerk IS DIRECTED to CLOSE THIS CASE with respect to Defendant Willie E. Chase.

14. Plaintiff previously filed motions for clerk's entry of default against five other defendants: Delores Fuller, ECF No. 123; Erica Epps, ECF No. 125; Faustin & Associates, LLC, ECF No. 126; G. Corey Faustin, ECF No. 127; and Vikki Ross, ECF No. 137.  The Clerk of the Court entered default against all five defendants in August 2013.  *See* ECF Nos. 140, 141, & 144.  Plaintiff has not taken any subsequent action regarding these defendants since the Clerk entered default.  Unless Plaintiff files motions for default judgment with respect to these defendants by March 11, 2016, the case against these defendants will be dismissed without further notice.

_____/S/_____

Paul W. Grimm
United States District Judge